UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES LEE COSGROVE, | Civil File No. 07-4138 (MJD/SRN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden ANDERSON, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (Docket No. 1.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be transferred to the United States District Court for the District of Colorado, pursuant to 28 U.S.C. § 1631.

## I. BACKGROUND

Petitioner is a federal prisoner incarcerated at the United States Penitentiary in Florence, Colorado, ("USP-Florence"). He apparently is serving a federal prison sentence for some federal criminal offense, the nature of which is not disclosed in his current submissions. Petitioner is <u>not</u> presently challenging the validity of his original sentence or any underlying criminal conviction. Instead, he is claiming that he has been wrongly deprived of certain "good time credits," and, as a result, the federal Bureau of Prisons, ("BOP"), intends to keep him in prison beyond the date when he should be released. Petitioner is seeking a writ of habeas corpus that would compel the BOP to reinstate his lost good time credits, and move up his projected release date.

The incident that caused Petitioner to lose the good time credits at issue in this case apparently occurred while he was confined at the Federal Medical Center in Rochester, Minnesota.  However, Petitioner's submissions clearly indicate that he was confined at USP-Florence when he filed his current petition.  Because Petitioner was not confined in Minnesota when he filed his petition, the Court finds that this action cannot be entertained in this District.

## II.  DISCUSSION

It is well-settled that "[h]abeas corpus jurisdiction lies only when petitioner's custodian is within the jurisdiction of the district court."  United States v. Monteer, 556 F.2d 880, 881 (8th Cir. 1977).  See also Lee v. United States, 501 F.2d 494, 501 (8th Cir. 1974); Gravink v. United States, 549 F.2d 1152, 1154 (8th Cir. 1977); Kills Crow v. United States, 555 F.2d 183, 189, n. 9 (8th Cir. 1977); McCoy v. United States Board of Parole, 537 F.2d 962, 964 (8th Cir. 1976).  It is also well-settled that, for habeas corpus purposes, the term "custodian" normally means the official in charge of the facility where the petitioner is detained -- i.e., the prison warden.  McCoy, 537 U.S. at 964 ("[t]he custodian is, in most circumstances, the warden [or] chief administrative official of the correctional institution in which the petitioner is incarcerated").

Because Petitioner was confined at USP-Florence when he filed his present petition, the warden at that institution is considered to be his custodian, and the proper named Respondent for federal habeas corpus purposes.  However, the warden at USP-Florence obviously is not located in this District, so he or she is not subject to personal jurisdiction in this District.  Monteer, supra.

Because neither Petitioner nor his custodian were located in Minnesota when Petitioner filed his current petition, this action cannot properly be entertained in this District. United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987) (habeas corpus petition was not properly filed in the Eastern District of Missouri, because petitioner was not confined in that district at the time); Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir. 1994) (district court correctly concluded that it lacked jurisdiction to hear habeas petition challenging the manner in which petitioner's sentence was being executed, because petitioner was confined in a different district); Schmitt v. Brennan, No. 94-1558 (8th Cir. 1994), 1994 WL 517256 (unpublished opinion) at * 1 (district court lacked jurisdiction to entertain § 2241 habeas corpus petition challenging the execution of petitioner's sentence, because petitioner "did not... file the action in the district in which he was then confined").

While this action could be dismissed (without prejudice) for lack of jurisdiction, the Court finds that the interests of justice would be better served by transferring this matter to the proper district pursuant to 28 U.S.C. § 1631.[1]  It is therefore recommended that the Clerk of Court be directed to transfer this case to the District of Colorado, where both Petitioner and the proper Respondent, (the warden at USP-Florence), are located.  After

---

[1] 28 U.S.C. § 1631 provides that:

"Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

the matter has been transferred, the transferee court can then determine (a) whether there should be a substitution of parties, so that Petitioner's current custodian becomes the named Respondent in this case, and (b) whether the Respondent should be required to file a response to Petitioner's habeas corpus petition.

## III.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

The Clerk of Court be directed to transfer this case to the United States District Court for the District of Colorado.

Dated: October 2, 2007

   s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by October 17, 2007, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.